AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

FILED
OCT 0 1 2020
U.S. CLERK'S OFFICE
EVANSVILLE, INDIANA

| United States of America | ) |
| v. | ) |
| | ) Case No. 3:20-mj-71-MPB |
| MICHAEL L. GILMORE, JR. | ) |
| | ) |
| | ) |
| *Defendant(s)* | ) |

SEALED

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 4, 2020__ in the county of __Daviess__ in the __Southern__ District of __Indiana__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Firearm |

This criminal complaint is based on these facts:

See attached affidavit (incorporated herein by reference).

☑ Continued on the attached sheet.

*Complainant's signature*

Heath Stewart, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/01/20  9:14 ~

City and state: __Evansville, Indiana__

*Judge's signature*

Matthew P. Brookman, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## APPLICATION FOR CRIMINAL COMPLAINT

1. I, Heath Stewart, am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so assigned since July 2015. I am currently assigned to the ATF Evansville Satellite Office. My primary responsibility is investigating violations of federal firearms laws.

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement personnel. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3. This Affidavit is submitted in support of a criminal complaint charging Michael Lee GILMORE, Jr. (GILMORE), DOB XX/XX/1983, with possession of firearm by a convicted felon, in violation of Title 18, United States Code, Section 922(g)(1).

4. GILMORE's Criminal History. A review of criminal history records revealed that GILMORE has previously been convicted of crimes punishable by more than one year imprisonment in a number of different Indiana courts, as set forth below.

5. Daviess County, IN, Superior Court:

   a. On or about October 22, 2002, GILMORE pleaded guilty to Theft, a Class D Felony (*State of Indiana v. Gilmore*, Cause No. 14D01-0109-DF-633). On or about November 13, 2002, he was sentenced to a term of imprisonment of 36 months.[1]

---

[1] All or part of the sentences listed herein may have been suspended. In all cases, the crimes of conviction were felonies, i.e., crimes punishable by more than one year imprisonment.

    b.    On or about October 31, 2006, GILMORE pleaded guilty to Possession of Marijuana, a Class D Felony (*State of Indiana v. Gilmore,* Cause No. 14D01-0506-FD-568). On the same day, he was sentenced to a term of imprisonment of 30 months.

    c.    On or about March 20, 2008, GILMORE pleaded guilty to Possession of Marijuana, a Class D Felony (*State of Indiana v. Gilmore,* Cause No. 14D01-0710-FD-805). On the same day, he was sentenced to a term of imprisonment of 24 months.

6.    <u>Gibson County, Indiana, Superior Court</u>:

    a.    On or about July 1, 2010, GILMORE pleaded guilty to Possession of Methamphetamine, a Class D Felony (*State of Indiana v. Gilmore,* Cause No. 26D01-1004-FD-000058). On or about July 7, 2010, he was sentenced to a term of imprisonment of 540 days. This sentence was to run concurrent with the following conviction.

    b.    On or about July 1, 2010, GILMORE additionally pleaded guilty to Possession of Chemical w/Intent to Manufacture, Possession of Methamphetamine, Possession of Controlled Substance, all Class D Felonies (*State of Indiana v. Gilmore,* Cause No. 26D01-1004-FD-000060). On or about July 7, 2010, he was sentenced to concurrent terms of imprisonment of 540 days.

7.    <u>Knox County, Indiana, Circuit Court</u>:

    a.    On or about January 11, 2016, GILMORE pleaded guilty to Dealing in Methamphetamine, a Level 5 Felony (*State of Indiana v. Gilmore,* Cause No. 42C01-1503-F5018). On or about March 21, 2016, he was sentenced to a term of imprisonment of 48 months.

    b.    On or about March 5, 2019, GILMORE pleaded guilty to Escape and Resisting Law Enforcement, both Level 6 Felonies (*State of Indiana v. Gilmore,* Cause

No. 42C01-1807-F6-278 and 42C01-1805-F6-220). On the same day, he was sentenced to terms of imprisonment of 18 months on Cause No. -220 and 462 days on Cause No. -278

8. <u>Pike County, Indiana, Circuit Court</u>: On or about September 1, 2010, GILMORE pleaded guilty to Theft, a Class D Felony (*State of Indiana v. Gilmore*, Cause No. 63C01-0911-FD-00731). On the same day, GILMORE was sentenced to a term of imprisonment of 540 days, to run consecutively to the sentences imposed in the Gibson Superior Court Cause Numbers listed above (i.e., 26D01-1004-FD-00058 and 26D01-1004-FD-00060).

9. <u>Recovery of Firearm and Arrest of GILMORE</u>. On July 4, 2020, law enforcement officers with the Washington, Indiana, Police Department were approached by a Confidential Source (CS)[2] while working in uniform as part of their daily duty in Washington, Indiana. CS advised he/she had observed GILMORE at a local gas station in possession of a black handgun in a holster. CS further stated GILMORE appeared under the influence of a substance.

10. Officers set up surveillance in the area of the local gas station and observed GILMORE get into the driver's seat of a gold SUV which was parked at the gas station. Officers were familiar with GILMORE and knew through prior contact that GILMORE's driving privileges were not valid. Additionally, officers ran GILMORE's driver's status and confirmed that he was suspended prior (Class A Misdemeanor) and unlawful to operate a vehicle.

11. Officers later observed GILMORE drive the gold SUV off the lot of the local gas station. Officers initiated a traffic stop based on the above violation. GILMORE was immediately placed under arrest for driving on a suspended license. GILMORE was the only occupant of the vehicle.

---

[2] CS does not have any known criminal history. Nor is CS receiving payment or other consideration in exchange for his/her information. Information provided by CS in the past has proven credible and reliable.

12. Officers then conducted a search of the SUV. Officers located four plastic baggies containing a crystalline type substance which later field tested positive for methamphetamine with a total field weight of 20 grams. Additionally, officers located in the center console accessible to GILMORE, a loaded Ruger LCP .380 caliber pistol bearing serial number 372285809.

13. Officers advised GILMORE of his Miranda Warnings, and GILMORE stated he understood his rights. GILMORE advised officers that the crystalline substance was MSM (a look alike substance that is used to mix with illegal drugs to expand the quantity for resale). GILMORE denied ownership of the firearm, stating he would have ran if he knew it was in the vehicle.

14. Following the traffic stop, the vehicle was towed.

15. The above-described traffic stop occurred within the Southern District of Indiana, Evansville Division.

16. Additional Information Learned Regarding Firearm. On or about July 6, 2020, officers learned that the firearm in GILMORE's possession had been reported stolen on July 5, 2020, in Vincennes, Indiana. Officers went to speak with GILMORE a second time and advised GILMORE of his Miranda Warnings again. GILMORE acknowledged that he understood his rights. GILMORE stated that the firearm came from Rural King. GILMORE then advised officers that he provided money to a female named Ashley who purchased the firearm on his behalf from Rural King in Vincennes, Indiana.

17. Examination of Firearm. The firearm found in GILMORE's vehicle is more particularly described as a Ruger, model LCP, .380 caliber semiautomatic pistol, serial number 372285809. Based on my training and experience and that of my ATF colleagues, I believe this

firearm is a "firearm" as defined in 18 U.S.C. § 921, and was manufactured outside of the State of Indiana.

## Conclusion

18. Based on the facts set forth in this affidavit, I respectfully submit that probable cause exists to believe that on or about July 4, 2020, in the Southern District of Indiana, Michael Lee GILMORE, Jr., knowingly possessed a firearm in violation of Title 18, United States Code, Section 922(g)(1).

                                                Heath Stewart, Special Agent
                                                Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to before me on this ___1st___ day of October, 2020.

The Honorable Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

5